United States District Court
Southern District of Texas

**ENTERED**

June 18, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RODRIGUEZ NISTAL HILBERTO AMAURY, | § § § | |
| Petitioner, | § | CIVIL ACTION NO. H-26-4477 |
| | § | |
| vs. | § | |
| | § | |
| WARDEN, Houston Contract Detention Facility, *et al.*, | § § § | |
| Respondents. | § § | |

**ORDER**

The petitioner is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials within the Southern District of Texas. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenges the petitioner's continued detention. The petitioner argues that the immigration detention has now become unreasonably long, violating the Fifth Amendment's Due Process Clause. After a careful review of the petition, the parties' responses, the record, and the applicable law, *see Banegas Avila v. Frink*, No. CV H-26-916, 2026 WL 976144, at *3 (S.D. Tex. Apr. 10, 2026); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020), the court agrees.

The petitioner's detention is presumptively unreasonable; it has lasted more than six months[1] and is likely to continue for more, without sufficient justification. The detention violates

---

[1] In their *motion* for summary judgment, the respondents assert that the petitioner has been detained for 83 days. (*See* Docket Entry No. 5 at 9). However, in the sworn declaration from a deportation officer submitted as an exhibit to the MSJ, the officer states that the petitioner has been in ICE custody since December 2, 2025. (*See* Docket Entry No. 5-3 at 2). The § 2241 petition, which the petitioner submitted under penalty of perjury, asserts that the petitioner has been in ICE custody since December 2, 2025. (*See*

the Fifth Amendment's Due Process Clause.  The respondents must provide the petitioner with a bond hearing before an immigration judge at which the government bears the burden of proving, by clear and convincing evidence, that the petitioner presents a risk of flight or a danger to the community.  The respondents must provide this hearing by **June 25, 2026**, or release the petitioner by that date.  The parties must file an update with the court by **June 29, 2026**, informing the court of the result of the hearing and the petitioner's custody status.  The respondents' motion for summary judgment (Docket Entry No. 5) is **denied** and the petition for a writ of habeas corpus is **granted in part**.

SIGNED on June 18, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

Docket Entry No. 1 at 4; Docket Entry No. 1-1).  The court finds that the petitioner has been detained for more than 6 months.

2